NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1071

CASH ENERGY CONDOMINIUM ASSOCIATION

vs.

MARTHA A. CASHINS & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, owners of condominium units in a two-story office building in North Andover, appeal from an order of the Superior Court denying the defendants' motion to dismiss under the anti-SLAPP statute, G. L. c. 231, § 59H.  Concluding that the defendants failed to establish that the plaintiff's claims concerning the defendants' communications with the Architectural Access Board (board) had no substantial basis other than petitioning activity, we affirm.

---

[1] Stephen A. Sakakeeny, Edward A. Rainen, Ralph A. Barbagallo, Jr., Rosemarie A. Connolly, Nicholas J. Giacoumakis, and the Architectural Access Board (board).  After oral argument in this court, the Superior Court entered judgment on the pleadings in favor of the board on the plaintiff's claim against the board.  That claim and ruling is not at issue in this appeal.

1. *Standard of review.* "[A] ruling on a special motion to dismiss is subject to de novo review on appeal." *Columbia Plaza Assocs.* v. *Northeastern Univ.*, 493 Mass. 570, 577 (2024). We evaluate a special motion to dismiss in two stages. *Bristol Asphalt Co.* v. *Rochester Bituminous Prods., Inc.*, 493 Mass. 539, 555-557 (2024). First, "a proponent of a special motion to dismiss under § 59H must 'make a threshold showing through the pleadings and affidavits that the claims against it are "based on" the [party's] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.'" *Id.* at 555, quoting *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 167-168 (1998). "The sufficiency of the special motion proponent's threshold showing [is] to be evaluated count by count." *Bristol Asphalt Co.*, *supra* at 551. If this threshold showing is made, "the statute requires allowance of the special motion to dismiss, 'unless the [special motion opponent] shows' that the special motion proponent's exercise of its right of petition '[(1)] was devoid of any reasonable factual support or any arguable basis in law' and (2) 'caused actual injury to the [special motion opponent].'" *Id.* at 557, quoting G. L. c. 231, § 59H.

2. *Petitioning activity.* "To fall under the 'in connection with' definition of petitioning under the anti-SLAPP statute, a communication must be 'made to influence, inform, or

at the very least, reach governmental bodies -- either directly or indirectly.'" Blanchard v. Steward Carney Hosp, Inc., 477 Mass. 141, 149 (2017), S.C., 483 Mass. 200 (2019), overruled on other grounds by Bristol Asphalt Co., 493 Mass. at 551-554, quoting North Am. Expositions Co. Ltd. Partnership v. Corcoran, 452 Mass. 852, 862 (2009). Here, the communications at issue concerned the proposed installation of an elevator in the two-story office building in which the defendants own condominium units. In 2021, the defendants, who are second-floor owners, requested advice from and eventually filed a complaint with the board, claiming that improvements to the property between 2002 and 2004 required the installation of an elevator pursuant to the board's regulations.[2] See J.M. Hollister, LLC v. Architectural Access Bd., 469 Mass. 49, 50-51 (2014). As the board is a government agency, the defendants' actions in seeking review by the board constituted petitioning activity. See North Am. Expositions Co. Ltd. Partnership, supra at 861-862.

The plaintiff contends that there exists a substantial basis other than the petitioning activity supporting each count in the complaint. The relevant counts in the complaint alleged

---

[2] General Laws c. 22, § 13A, established the board under the Office of Public Safety and Inspections and mandates that the board "make and from time to time alter, amend, and repeal, . . . rules and regulations designed to make public buildings accessible to, functional for, and safe for use by persons with a physical disability."

3

that the defendants "breached the terms of the master deed," "circumvent[ed] the explicit terms of the master deed," and also "conceal[ed] their actions."[3]

According to the complaint, the master deed requires that, "[i]f 50% or more, but less than 75%, of the unit owners agree to make an improvement, the cost of such improvement shall be borne solely by the unit owners so agreeing." The plaintiff alleges that, instead of abiding by this contractual arrangement, the defendants "push[ed] for an elevator outside the process established in the master deed," and "purposefully concealed their agreement [to seek installation of the elevator] from the condominium association to avoid the obligations imposed by . . . section VII of the master deed." The plaintiff asserts that the defendants were "concerned only with forcing the condominium association to install an elevator and assess the cost as a common expense to all unit owners."

---

[3] The counts included (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of fiduciary duties to the condominium association, (4) breach of fiduciary duties to fellow unit owners, and (5) civil conspiracy. Although a court must evaluate a party's claims separately to determine whether each count has a substantial basis other than petitioning activity, see Bristol Asphalt Co., 493 Mass. at 551, 553-554, the counts here each derive from the same overarching claim that the defendants violated the master deed. The different counts merely advance different theories of recovery based on the same conduct. To avoid needless repetition, then, we do not address each count in turn.

4

The plaintiff's claims were "in response to" -- not solely based on -- the defendants' petitioning activity. See Keystone Freight Corp. v. Bartlett Consol., Inc., 77 Mass. App. Ct. 304, 316 (2010) (claim "also is predicated on [defendant's] administrative misconduct prior to and subsequent to filing the collection action"). Underlying each count was "the existence of [a] contractual agreement[] between the parties." Columbia Plaza, Assocs., 493 Mass. at 578. See 477 Harrison Ave., LLC v. JACE Boston, LLC, 483 Mass. 514, 520 (2019) ("a claim for breach of contract [or breach of the implied covenant of good faith and fair dealing] sometimes may present a substantial basis other than the petitioning activity itself for purposes of the anti-SLAPP act"). Indeed, "the alleged conduct that gave rise to [the plaintiff's] claims sounding in contract was [the defendants'] decision to enter into agreements with [the plaintiff], and then act in violation of [the plaintiff's] alleged rights under those agreements." Columbia Plaza Assocs., supra at 578-579. Given that the claims are based in substantial part (if not entirely) on the alleged breach of the master deed, the defendants have not met their threshold showing.

To this, the defendants renew their argument in the Superior Court that "[t]he individual claims against the Defendants would not exist but for [the plaintiffs'] petitioning

5

the [board]" and that "the complained of acts of the Defendants all relate to petitioning the [board] to order installation of an elevator in their building."  Be that as it may, the Supreme Judicial Court case law does not imagine, or permit, a but-for standard.  Bristol Asphalt Co., 493 Mass. at 555-557.  In clarifying the appropriate framework, the Supreme Judicial Court noted that, "to survive [the] first stage, the proponent must show that the challenged count has no substantial basis in conduct other than or in addition to the special motion proponent's alleged petitioning activity."  Id. at 555-556. That is the standard we must apply and, under that standard, the defendants' motion fails.[4]

Order denying the defendants' special motion to dismiss affirmed.

By the Court (Ditkoff, Grant & Allen, JJ.[5]),

*Paul Little*

Clerk

Entered: July 21, 2026.

---

[4] We deny the plaintiff's request for appellate attorney's fees.  "Although the [defendants'] arguments are unpersuasive, they are not frivolous."  Suwwan de Felipe v. El-Youssef Suwwan, 106 Mass. App. Ct. 158, 169 n.6 (2025).

[5] The panelists are listed in order of seniority.